(93 Misc. Rep. 537)

## JOSEPH BECK & SONS v. DANAHER.

(Supreme Court, Appellate Term, First Department. February 23, 1916.)

**1. CONTRACTS &#9750;245—TERMINATION—EFFECT OF—RENEWAL CONTRACTS.**

A contract whereby defendant was engaged as a salesman at a stipulated salary provided that, if he should not sell goods in certain sums, he should repay to plaintiff a sum of money equivalent to one-sixth of the amount of goods that he was bound to sell. The salesman failed to make sales in the amounts agreed, and plaintiff under the authority of the contract terminated it for that reason. Thereafter the parties entered into a new contract for sales on commission, authorizing plaintiff to advance to defendant money on account of commissions earned or to be earned, the amount of such advances to be deducted from the commissions earned, and any surplus at the termination of the contract to be paid defendant. *Held* that, by entering into the new agreement, plaintiff did not waive its rights under the old agreement, and might recover from defendant any sums due.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1129, 1130; Dec. Dig. &#9750;245.]

**2. CONTRACTS &#9750;321—CONSTRUCTION—ADVANCES.**

In such case, where defendant, after receiving advances under the second agreement in excess of the commissions earned, terminated such agreement, he is liable for such excess, both under the provision requiring repayment and upon the principle that, having severed the relationship, he was bound to make restitution.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1508–1527; Dec. Dig. &#9750;321.]

Appeal from City Court of New York, Trial Term.

Action by Joseph Beck & Sons against John E. Danaher. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Leon Sanders, of New York City (Leon Sanders and L. E. Schlechter, both of New York City, of counsel), for appellant.

J. Cotter Connell, of New York City (J. Cotter Connell, of New York City, and Richard S. Holmes, of Buffalo, of counsel), for respondent.

DELEHANTY, J. On February 21, 1914, a written agreement was entered into between the parties hereto, whereby defendant was engaged as a salesman; the contract containing the following provisions:

"Second. The parties of the first part agree to pay to the party of the second part $100 per week during the continuance of this agreement, which sum shall include all expenses and disbursements incurred by the party of the second part.

"Third. As a condition precedent to the party of the second part receiving the sum above mentioned, he agrees to sell for the parties of the first part goods, wares, and merchandise of the amount not less than $600 per week. If the said party of the second part does not sell the amount specified above per week, the parties of the first part may cancel this agreement and terminate the employment of the party of the second part hereunder, without any notice,

&#9750;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

at the end of any calendar week; but if the parties of the first part keep the said party of the second part in their employment after such default or defaults, then and in that event, at the end or sooner termination of this contract, the party of the second part shall repay to the parties of the first part a sum of money equivalent to 16⅔ per cent. of the amount of goods that the party of the second part agreed to sell as per the terms of this agreement."

[1] Upon the termination by mutual consent of this contract on June 6, 1914, there was concededly due plaintiff $661.22, same being 16⅔ per cent. of the difference between $9,000, the amount of goods required to be sold by defendant under said contract, and the sum of $5,032.69, the amount actually sold by him. Two days later, on June 8, 1914, the parties entered into a new agreement which provided, among other things, as follows:

"Third. The party of the first part may, from time to time, advance to the party of the second part sums of money on account of commissions earned or to be earned by the party of the second part. The amount of such advances, and whether such advances are to be made, shall be entirely optional with the party of the first part, and, if so made, the same shall be deducted from commissions earned by the party of the second part, and at the termination of this agreement, if the amounts so advanced shall exceed the amounts to which the party of the second part shall become entitled to in commissions, then the party of the second part shall repay to the party of the first part such excess."

"Ninth. If any agreement heretofore existed between the parties hereto, either in writing or orally, the same is hereby canceled and annulled, and the agreement contained herein is the substitute therefor, and is in any event the only agreement existing between the parties hereto."

In the first place it is contended by defendant that the second agreement constituted a waiver and release of plaintiff's right under the first agreement, and therefore that the complaint was properly dismissed as to same. Whether or no that is so depends on the intention to be deduced from the agreement of annulment construed in the light of the attending circumstances. In McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793, it is held that, where a contract is rescinded while in the course of performance, any claim in respect of performance, or of what has been paid or received thereon, will ordinarily—

"be referred to the agreement of rescission, and in general no such claim can be made unless expressly or impliedly reserved upon the rescission." Leake on Contracts, 788, and cases cited.

While the superseding contract herein provides for the cancellation and annulment of the prior agreement between the parties and that the superseding one is the substitute therefor, and is in any event the only agreement existing between the parties thereto, yet the proof shows that the first contract was terminated because plaintiff's president was dissatisfied with the amount of business done by defendant thereunder, and that defendant thereupon asked to be given another trial, claiming that he would make good the amount due from him under the original contract.

Construing this situation as it then existed, followed by the making of the superseding agreement, it is plainly apparent that the parties intended that the rescission was to relate only to the further ex-

ecution of the first contract, but not to a relinquishment of defendant's debt thereunder. Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425; Hurst v. Trow Printing & Bookbinding Co., 2 Misc. Rep. 361, 22 N. Y. Supp. 371.

[2] Under the superseding contract, when defendant resigned his position on the 28th of June, 1914, there had been received by him in the shape of advances the sum of $150, and he had earned in commissions only $33.45. For the difference between these amounts I think the defendant liable, not alone by virtue of the provision of the contract requiring the repayment of such excess, but upon the broad principle that by severing his agreement with plaintiff he disqualified himself from earning enough commissions to repay such excess as contemplated by the contract in question. Kupfer v. Holtzmann, 88 N. Y. Supp. 362.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.