◼ BOGART MANUFACTURING CORPORATION, Appellant, v. FRANKLIN FIBRE LAMITEX CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. RUSSELL REINFORCED PLASTICS CORPORATION, Third-Party Defendant-Respondent.— In an action to recover damages for an alleged breach of contract, in which the defendant, Franklin Fibre Lamitex Corp., pleaded an affirmative defense of accord and satisfaction and also served a third-party complaint against Russell Reinforced Plastics Corporation as third-party defendant, the parties cross-appeal as follows from a judgment of the Supreme Court, Kings County, entered June 19, 1961 upon the oral decision of the court, after a nonjury trial with respect to said defense: (1) Plaintiff appeals from so much of the judgment as dismissed its complaint, with costs. (2) Defendant and third-party plaintiff appeals from so much of the judgment as dismissed its third-party complaint. Judgment, insofar as appealed from, reversed on the law, and new trial granted, with costs to abide the event. The complaint and third-party complaint were dismissed by the trial court upon the ground, in substance, that an agreement between the plaintiff and defendant, whereby plaintiff agreed to and did pay defendant a certain amount in satisfaction of defendant's claim against plaintiff under the contract, constituted an accord and satisfaction as a matter of law, barring plaintiff's action against defendant for damages for breach of the same contract. In our opinion a question of fact was presented as to whether, when plaintiff agreed to and did pay defendant a sum in settlement of defendant's claim, the parties also intended that plaintiff was thereby settling or releasing any claim which plaintiff might have against defendant (cf. *Moers* v. *Moers,* 229 N. Y. 294, 300). The provision of the settlement agreement that on payment of the agreed sum the contract would be considered " cancelled " did not, as a matter of law, constitute a rescission of the contract *ab initio.* Whether defendant's obligation under the contract was discharged by the subsequent agreement depends on the intention to be deduced from the cancellation agreement, construed in the light of the attendant circumstances (cf. *McCreery* v. *Day,* 119 N. Y. 1, 5; *Mayor* v. *New York Refrigerating Constr. Co.,* 146 N. Y. 210, 214–215; *Roe* v. *Conway,* 74 N. Y. 201, 205; *Beck & Sons* v. *Danaher,* 93 Misc. 537, 539, 540; *Hayes* v. *City of Nashville,* 80 F. 641, 645, 646). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur.