■ Balbina Blyskal, Respondent, v Helen Kelleher, Appellant.—In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Huttner, J.), entered March 30, 1990, as, upon a jury verdict, is in favor of the plaintiff and against her in the principal sum of $375,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, aged 74, was struck by a car while she was walking in a marked cross walk. She suffered a fracture of her lateral tibial plateau and condyle. She commenced this action to recover damages for personal injuries in June 1989 and trial commenced on March 7, 1990. Prior to the trial the defendant conceded liability.

We find that the jury's award of $375,000 for past and future pain and suffering was not excessive. The record amply supports a finding that the plaintiff experienced a great deal of pain as a result of her injury, and that her formerly active lifestyle has been significantly reduced. The plaintiff now requires the use of a cane to walk, is limited in the amount of

activity she can perform, and is a potential candidate for total knee replacement and/or total dependency on the care of others. Under these circumstances, we cannot say that the jury's award deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]).

The defendant's claim that the jury's finding that the plaintiff had a 15-year-life expectancy was against the weight of the evidence is without merit. Moreover, the court properly charged the jury that the life expectancy table should be used merely as a guide to determine the plaintiff's life expectancy (see, PJI 2:281). Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.