FRANK PETRUCCI, Plaintiff, v CITY OF NEW YORK, Appellant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendants.

First Department, May 7, 1991

30

## APPEARANCES OF COUNSEL

*Margaret G. King* of counsel *(Kristin M. Helmers* with her on the brief; *Victor A. Kovner, Corporation Counsel,* attorney), for appellant.

*David Samel* of counsel *(Jeffrey Samel & Associates,* attorneys), for respondent.

### OPINION OF THE COURT

ELLERIN, J.

Plaintiff, who suffered personal injuries on February 14, 1984, as a result of a trip and fall on a defective sidewalk, commenced this action against, *inter alia,* the appellant, City of New York (City), on the ground that it had failed to maintain the sidewalk in a reasonably safe condition, and against respondent, New York City Transit Authority (Transit), based upon allegations that the hazardous condition had been caused by vehicles belonging to Transit at some time prior to the date of the accident. In April 1985, the defendant City cross-claimed against the codefendant Transit for indemnification and/or apportionment of damages. Subsequently, Transit successfully moved to dismiss plaintiff's claim against it for failure to state a cause of action. In granting that motion, the court, after noting that an affidavit had been submitted by Transit stating that it had had no vehicles in the vicinity at any time between September 1983 and February 14, 1984, found that the submissions by plaintiff, asserting that Transit equipment had caused the damage to the sidewalk some 2 to 2½ years before the accident, mandated a finding of no causal connection or actionable tort, as a matter of law. The court also found, as a further basis for dismissal, that both the notice of claim and action were untimely. That decision was not appealed.

Transit thereafter moved for dismissal of the City's cross claim against it pursuant to CPLR 3211 and 3212. The IAS court, observing that the facts alleged appeared to be consistent with a theory of contribution rather than indemnification, granted the motion for dismissal on the ground that Transit bore no duty to maintain the sidewalk and that since any damage it may have caused to the sidewalk occurred some 4 or 5 years earlier, the Statute of Limitations had run and the City's claim was untimely. It is the City's appeal from that dismissal that is now before us.

■ As a threshold issue, we find that the court erred in dismissing the City's claims against Transit as untimely. It is well established that claims for contribution do not accrue for purposes of the Statute of Limitations until the party seeking contribution has made payment to the injured party *(Bay*

*Ridge Air Rights v State of New York,* 44 NY2d 49, 53; *Woolworth Co. v Southbridge Towers,* 101 AD2d 434, 440). While we agree that claims against the New York City Transit Authority are subject to the requirements of General Municipal Law § 50-i, which requires that any action be commenced within 1 year and 90 days of the event upon which the claim is based, that section applies only to actions for "personal injury, wrongful death or damage to real or personal property", and has no application to an action for indemnification and/or contribution *(see, Vine v Manville Sales Corp.,* 158 AD2d 842, 843, n; *Dutton v Mitek Realty Corp.,* 95 AD2d 769). Accordingly, to the extent that the IAS court's dismissal was based on untimeliness, it was in error.

Turning to the merits, the City argues that the pleadings and the affidavits submitted to the IAS court were sufficient, both with respect to indemnity and contribution, to withstand Transit's motions to dismiss for failure to state a cause of action and for summary judgment.

■ While the City's pleading of its cross claims, in obviously boilerplate language, does include talismanic references to the words "apportionment", "indemnification" and "contractual indemnification" and alleges the City's entitlement thereto, the pleading is otherwise sadly bereft of any enlightenment as to the factual basis on which such relief is to be predicated. It is evident from the record, however, that while there are allegations that the defendants collectively failed to repair the sidewalk and permitted it to remain in an unsafe condition, the thrust of the claim against Transit is based upon its alleged conduct, sometime prior to the accident, in causing damage to, or creating a dangerous condition on, the sidewalk where plaintiff was injured. It is clear that Transit's conduct in creating the defective condition on the sidewalk, which remained unrepaired, does not provide a valid predicate for common-law indemnification of the City. Whatever the law may have been prior to the watershed decision in *Dole v Dow Chem. Co.* (30 NY2d 143), it is now well established that when the City is held liable for breaching its own independent duty to keep the public sidewalks in a reasonably safe condition of repair, it is not entitled to common-law indemnification, which requires that the one claiming indemnification has committed no wrong and is being held liable solely "by virtue of some relationship with the tort-feasor or obligation imposed by law" *(D'Ambrosio v City of New York,* 55 NY2d 454, 461).

■ Nor is the City entitled to indemnification pursuant to

Administrative Code of the City of New York § 19-107, which provides that: "In all cases where any person shall perform any of the work mentioned in section 19-106 of this title, either under contract with the city or by virtue of permission obtained from any agency of the city, such person shall be answerable for any damage which may be occasioned to persons, animals or property by reason of carelessness in any manner connected with the work." Neither plaintiff nor the City has made any allegations which would bring the work alleged to have been done by Transit within the purview of this section. There is no indication in either the complaint or the cross complaint that Transit was under contract to the City or had received its permission to perform the work, or that the work involved any of the activities, such as digging down, paving or obstructing a public street, described in section 19-106.

Moreover, even if it were shown that Transit came within the purview of section 19-107, that provision cannot be construed as imposing an obligation upon the contractor to indemnify the City for damages occasioned by the City's own negligence in failing to fulfill an independent duty which it owed to third parties such as plaintiff. Instead, the statutory language demonstrates an intent to render the contractor responsible for those damages actually caused to injured third parties or property by its own negligence or carelessness. The provision does not contain the kind of broad expansive language that readily indicates that indemnification of another co-tort-feasor for its own negligence is contemplated (see, e.g., *Levine v Shell Oil Co.,* 28 NY2d 205) and the words used should not be enlarged to read into them a duty to indemnify which was not clearly intended (cf., *Hooper Assocs. v AGS Computers,* 74 NY2d 487). Therefore, the dismissal of the City's cross claim by the IAS court was proper insofar as it relates to a claim for indemnification.

■ With respect to the claim for contribution, however, a different situation prevails. A claim for contribution and apportionment of liability would properly lie in this case upon a showing that Transit breached a duty to either plaintiff or the City and thereby contributed to plaintiff's injuries (*Schauer v Joyce,* 54 NY2d 1, 5; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.,* 109 AD2d 449, 454). In arguing that the City has failed to set out these elements, Transit primarily relies on the dismissal of plaintiff's claim against it to demonstrate that it did not, in fact, breach any duty to

plaintiff. However, insofar as the dismissal of plaintiff's claim against Transit was based on untimeliness, it clearly would have no bearing on the validity of the City's claim against Transit. "[I]t is the existence of the *duty* owed to plaintiff that is critical in activating [Transit's] liability for contribution and not plaintiff's ability to recover" *(Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., supra,* at 455-456; emphasis in original).

The critical issue, therefore, in determining the validity of the City's claim for contribution is whether it can be shown that Transit allegedly breached some duty which it owed either to plaintiff or to the City which breach contributed to plaintiff's injuries. In making such determination it is clear that plaintiff's complaint may be considered along with the City's allegations *(see, Shass v Abgold Realty Corp.,* 277 App Div 346). Examination of that complaint shows that it did not, as the IAS court found, merely allege that Transit breached a general duty to repair and maintain the City's sidewalks. Transit, of course, bears no such duty *(Gold v City of New York,* 141 AD2d 502). Rather, plaintiff also alleged that Transit's vehicles actually damaged the sidewalk rendering it "unsafe and extremely dangerous for use by the public". Transit, while not bearing any general duty to repair the streets, clearly bears the same duty which everyone has long been held to owe to members of the general public not to impair the safety of the public street *(Babbage v Powers,* 130 NY 281). If Transit is found to have breached that duty by creating a defective or dangerous condition on the sidewalk which proximately contributed to the causation of plaintiff's injuries, and the City is held liable to the plaintiff for its negligence in failing to maintain the sidewalk in a reasonably safe condition, then the City would be entitled to contribution from Transit to the extent of Transit's proportionate responsibility for the damages suffered by plaintiff.

Moreover, a claim for contribution may also be based on a breach of a duty owed to the defendant seeking such contribution rather than to plaintiff provided that the breach of duty had a part in causing or augmenting the injury for which contribution is sought. *(Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599, 603.) Here, it is clear that the complaint was sufficient to state a breach of Transit's statutory duty not to "break or otherwise injure any sidewalk or footpath" (Administrative Code of City of New York § 19-148).

■ The IAS court, in its prior decision dismissing plaintiff's claim against Transit, found that the length of time between the infliction of damage to the sidewalk and the occurrence of the accident, as a matter of law, precluded a finding that Transit's creation of the condition was a contributing cause of the accident. However, even assuming, as the court found, that the damage was caused 2 to 2½ years before the accident, if it is shown that Transit created the continuing hazard, the mere passage of time would not preclude its liability as a matter of law (see, Fuller v Preis, 35 NY2d 425; Hoggard v Otis Elevator Co., 52 Misc 2d 704, affd 28 AD2d 1207; cf., Penn Cent. Transp. Co. v Singer Warehouse & Trucking Corp., 86 AD2d 826) but would make it a question of fact to be weighed in conjunction with all other relevant factors including the City's obligation and opportunity to repair.

The evidence submitted on the instant motions was sufficient to preclude summary judgment and warrant further discovery. The only showing made by Transit on either of its dismissal motions was an affidavit stating that it had no vehicles in the area after September 1983. This, on its own, falls far short of the necessary prima facie showing that Transit is entitled to summary judgment (see, Zuckerman v City of New York, 49 NY2d 557) since, if it is shown that Transit damaged the sidewalk, even prior to September 1983, that could be sufficient to support a finding that it contributed to causing plaintiff's accident in February 1984. Moreover, in opposition, the City submitted a copy of a letter to Transit from the owner of the property abutting the sidewalk, who is also a defendant herein, dated March 1984, after the accident, complaining about the continuing work performed by Transit and the consequent damage to the sidewalk. This letter, notwithstanding that it may be of a self-serving nature, raises a sufficient issue concerning whether and when Transit damaged the sidewalk to warrant further discovery, which the City has sought, apparently without success.

Accordingly, the order of Supreme Court, Bronx County (Lewis Friedman, J.), entered September 26, 1989, which granted the motion of defendant New York City Transit Authority to dismiss the cross claim of defendant City of New York as untimely and for failure to state a claim, is unanimously modified, on the law, to reinstate the cross claim insofar as it seeks contribution, and is otherwise affirmed, without costs.

MURPHY, P. J., KUPFERMAN, MILONAS and ROSENBERGER, JJ., concur.

Order, Supreme Court, Bronx County, entered September 26, 1989, is unanimously modified, on the law, to reinstate the cross claim insofar as it seeks contribution, and is otherwise affirmed, without costs.