■ Francis A. Forelli, Respondent, v Pratt Institute, Defendant and Third-Party Plaintiff-Respondent. Caristo Construction Corp. et al., Third-Party Defendants-Appellants.— In an action to recover damages for personal injuries, (1) the third-party defendant Caristo Construction Corp. appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Kings County (Ramirez, J.), entered March 1, 1990, which, upon a jury verdict which found it 50% at fault in the happening of the accident, H & D Electric Co., Inc., 40% at fault in the happening of the accident, and Pratt Institute and Catamount Construction Corp. each 5% at fault in the happening of the accident, and which found that the plaintiff had sustained damages in the principal sum of $1,362,000, *inter alia,* apportioned damages among the defendants, and (2) the third-party defendants H & D Electric Co., Inc., and Catamount Construction Corp. separately appeal, as limited by their briefs, from so much of the judgment as determined that the plaintiff had sustained damages in the principal sum of $1,320,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff the principal sum of $1,362,000 and substituting therefor a provision granting a new trial on the issue of damages only, unless within 20 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to his damages to the principal sum of $838,000, representing $250,000 for past pain and suffering, $90,000 for future pain and suffering, $175,000 for lost earnings, $300,000 for future lost earnings, $8,000 for past medical expenses, and $15,000 for future medical expenses, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that in the event the plaintiff so stipulates, then

the judgment, as so reduced and amended, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

On the morning of September 16, 1982, the plaintiff, Frank Forelli, was injured in a fall through a skylight while engaged in construction work for the defendant, Pratt Institute. Forelli was an employee of third-party defendant H & D Electric Co., Inc. The general contractor, the third-party defendant Caristo Construction Corp. (hereinafter Caristo), had been relieved of its responsibilities as of the close of business on September 15, 1982, and the new general contractor, the third-party defendant Catamount Construction Corp., had just sent a representative to the work site when the accident occurred. Judgment as a matter of law was granted to the plaintiff against Pratt Institute finding it liable under Labor Law § 240 (1), and the trial on the issue of liability dealt solely with the apportionment of the actual negligence of the various defendants.

Under the unusual circumstances of this case, we hold that the trial court correctly held Caristo liable both for its negligence and under its contract of indemnification. The condition which led to Forelli's injury was known to Caristo, which had control over the work site. Caristo had both a contractual duty to ensure the safety of its workers and its subcontractors' workers and a duty under general principles of negligence law to exercise reasonable care to prevent foreseeable harm. An injury on the morning after Caristo was removed from the job, arising from a condition Caristo had allowed to persist, was a foreseeable result of Caristo's negligence. In addition, the contract between Pratt and Caristo reserved to Pratt all rights, remedies, and actions after termination of the contractor for cause. This supports the conclusion that Caristo's obligation to indemnify Pratt Institute for injuries caused in whole or in part by its negligence survived termination, which "left undisturbed all existing liabilities" (*Mayor of City of N. Y. v New York Refrig. Constr. Corp.*, 146 NY 210, 215).

Caristo's obligation under the contract is to indemnify Pratt for the whole of the loss, after which Caristo will be owed contribution from the remaining third-party defendants. Pratt's right to contribution arises only if it does not get full indemnification from Caristo. Moreover, Pratt would not be entitled to contribution for more than 95% of the amount payable to the plaintiff, pursuant to the jury verdict finding it 5% liable in the happening of the accident, from which it does not appeal.

We find that reasonable compensation for past pain and suffering should not exceed $250,000, and the award for future pain and suffering was excessive insofar as it exceeded $90,000. Past and future loss of earnings should be reduced to $175,000 and $300,000 respectively. The award of $8,000 for past medical expenses was supported by the record, but the jury's award for future expenses should be reduced to $15,000. The total verdict, therefore, should stand at $838,000. Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.