■ NANCY DURSI, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and CITY OF NEW YORK, Respondent. [604 NYS2d 960] —In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority appeal from an order of the Supreme Court, Kings County (Feinberg, J.), dated September 16, 1991, which denied their motion pursuant to CPLR 3212 for summary judgment dismissing the complaint or, in the alternative, to dismiss the complaint pursuant to CPLR 3211 for failure to state a cause of action.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when she tripped and fell over a protruding concrete slab in a bus stop area located at the intersection of Avenue U and Hendrickson Street in Brooklyn. Thereafter, the plaintiff commenced this action against the New York City Transit Authority and the Manhattan and Bronx Surface Transit Operating Authority (hereinafter the Transit defendants) as well as the City of New York. The Transit defendants subsequently moved for summary judgment or, in the alternative, to dismiss the complaint for failure to state a cause of action, and their motion was denied. We affirm.

The Transit defendants correctly argue that responsibility for the maintenance of the bus stop area rested with the defendant City of New York (see, Panso v Triboro Coach Corp., 172 AD2d 813). However, the plaintiff also alleged that the Transit defendants actually created the condition which caused her injuries (see, Petrucci v City of New York, 167 AD2d 29, 35). In addition, the plaintiff alleged a special use or benefit of the area by the Transit defendants (see, Nordquist v Piccadilly Hotel Co., 173 AD2d 412; Giaccotto v New York City Tr. Auth., 150 Misc 2d 164, 168). Therefore, since the complaint states a cause of action and there are questions of fact as to the plaintiff's allegations, the court properly denied the Transit defendants' motion (cf., Coppersmith v City of New York, 194 AD2d 586). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.