■ ANGELINA LIBARDI, Respondent, v CITY OF NEW YORK, Respondent, STEVEN KOGEL, Appellant, et al., Defendants. [607 NYS2d 717] —In an action to recover damages for personal injuries, the defendant Steven Kogel appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Vaccaro, J.), entered May 13, 1991, as, upon a jury verdict finding him 20% at fault in the happening of the accident, the defendant City of New York 72.5% at fault in the happening of the accident, and the plaintiff 7.5% at fault in the happening of the accident, and finding that the plaintiff had sustained damages totaling $717,228 ($250,000 for past pain and suffering, $250,000 for future pain and suffering, $105,000 for past lost earnings, $45,000 for future lost earnings, $17,228 for past medical expenses, and $50,000 for future medical expenses), is in favor of the plaintiff and against him and the defendant City of New York in the principal sum of

$663,435.90, and is in favor of the defendant City of New York and against him for full indemnification.

Ordered that the judgment is modified, on the law, on the facts, and as a matter of discretion, (1) by deleting the provision thereof which is in favor of the defendant City of New York and against the defendant Steven Kogel for full indemnification, and (2) by reducing the principal sum awarded to the plaintiff to $167,228 ($105,000 for past lost earnings, $45,000 for future lost earnings, and $17,228 for past medical expenses), and by adding thereto a provision severing the plaintiff's claims for future medical expenses and for past and future pain and suffering and granting a new trial with respect to those claims, unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease (1) the verdict as to past pain and suffering from the principal sum of $250,000 to the principal sum of $175,000, (2) the verdict as to future pain and suffering from the principal sum of $250,000 to the principal sum of $175,000, and (3) the verdict as to future medical expenses from the principal sum of $50,000 to the principal sum of $32,000, and consenting to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file such a stipulation is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry. In the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff sustained a fractured hip after tripping and falling on an area of broken pavement located in a crosswalk in downtown Manhattan. Following a jury trial, the defendant Kogel, a plumbing contractor who had been performing excavations in the crosswalk where the plaintiff fell, was found to be 20% negligent in the happening of the plaintiff's accident. The defendant City of New York (hereinafter the City) and the plaintiff were found to be 72.5% and 7.5% negligent, respectively, in the happening of the accident.

Contrary to the determination of the Supreme Court, we find that the City is not entitled to indemnification from the defendant Kogel pursuant to Administrative Code of the City of New York § 19-107. That section provides that a contractor such as the defendant Kogel is only responsible for his own

negligence *(see, City of New York v Consolidated Edison Co.,* 198 AD2d 31; *Petrucci v City of New York,* 167 AD2d 29).

We also find that the jury verdict was excessive to the extent indicated *(see, Irby v City of New York,* 184 AD2d 622; *Blyskal v Kelleher,* 171 AD2d 718; *Forelli v Pratt Inst.,* 181 AD2d 856).

The defendants' remaining contentions are without merit. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.