■ DIGBY HAMILTON et al., Appellants-Respondents, v CITY

OF NEW YORK et al., Defendants, and SCHIAVONE/PETRO/ WORTH, Defendant and Third-Party Plaintiff-Respondent-Appellant. LESKAY CONSTRUCTION SERVICES, INC., Third-Party Defendant-Respondent-Appellant. [610 NYS2d 278] —In an action to recover damages for personal injuries, etc., the plaintiffs Digby Hamilton and Marjorie Hamilton appeal from so much of an order of the Supreme Court, Kings County (Levine, J.), dated November 20, 1991, as directed entry of judgment pursuant to CPLR 5041, and the defendant Schiavone/Petro/ Worth and the third-party defendant cross-appeal from so much of the same order as denied their respective motions to set aside the jury verdict.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law and the facts and as a matter of discretion, without costs or disbursements, the motions are granted to the extent that a new trial is granted on the issue of damages for lost future earnings and past and future pain and suffering, unless within 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce (1) the verdict as to lost future earnings from the sum of $800,000 to $437,455, (2) the verdict as to past pain and suffering from $250,000 to $175,000, and (3) the verdict as to future pain and suffering from $1,000,000 to $350,000, and to the entry of a judgment accordingly; in the event that the plaintiffs so stipulate, then the matter is remitted to the Supreme Court, Kings County, for entry of judgment accordingly, which shall not be structured in accordance with CPLR 5041.

On appeal, the plaintiffs argue that the provision of the order appealed from directing entry of judgment pursuant to CPLR 5041 was error, since the action was commenced against the defendant Schiavone/Petro/Worth prior to the effective date of CPLR 5041. CPLR 5041 became effective on July 30, 1986, and is applicable to all actions commenced or claims filed on or after such date (see, L 1986, ch 682, § 12). The action was commenced against Schiavone Construction Co. Inc. (hereinafter Schiavone) in 1985. The plaintiffs' service of the summons upon Schiavone necessarily interposed the claim against Schiavone/Petro/Worth, a joint venture, as codefendants united in interest (see, CPLR 203 [b]; see also, Connell v Hayden, 83 AD2d 30). Thus, CPLR 5041 is inapplicable to this case.

We also find that the jury verdict deviates from what would be reasonable compensation and is excessive to the extent indicated *(see,* CPLR 5501 [c]; *see generally, Blyskal v Kelleher,* 171 AD2d 718; *Libardi v City of New York,* 201 AD2d 539). Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.