■ ABRAHAM KAY, Plaintiff, v CITY OF NEW YORK,, Defendant, F. W. WOOLWORTH, Co., Respondent, and LESART HOLDING CORP., Appellant. (And a Third-Party Action.) [635 NYS2d 299] —In an action to recover damages for personal injuries, the defendant Lesart Holding Corp. appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated September 15, 1992, which denied its motion for summary judgment dismissing the cross claims against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, and the cross claims against it are dismissed.

The plaintiff's decedent allegedly tripped and fell on the sidewalk while walking near the premises owned by the defendant Lesart Holding Corp. (hereinafter Lesart) and leased by the defendant F. W. Woolworth, Co. (hereinafter Woolworth).

At his deposition, the decedent unequivocally identified the place where he tripped and fell. In support of its motion for summary judgment, Lesart submitted evidence that the decedent tripped and fell on the sidewalk behind the premises adjacent to that owned by Lesart. In opposition to Lesart's motion, Woolworth did not submit any evidence to the contrary.

The undisputed evidence, therefore, indicates that Lesart did not own the premises behind which the decedent tripped and fell (cf., Gage v City of New York, 203 AD2d 118). Moreover, it has not been alleged and there is no evidence in the record to indicate that Lesart put the area in question to a special use or that it caused the alleged defect in the sidewalk (cf., Dursi v New York City Tr. Auth., 198 AD2d 470; Petrucci v City of New York, 167 AD2d 29, 35). Under these circumstances, there is no basis for imposing liability on Lesart (see, Otero v City of New York, 213 AD2d 339), and the Supreme Court should have granted Lesart's motion for summary judgment. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.