In an action to restrain the continuance of a strike and picketing (1st cause of action) and to recover damages resulting therefrom (2nd cause of action), the appeal is from an order granting respondent’s motion for a temporary injunction and denying appellants’ cross motion to dismiss the complaint. Order affirmed, with $10 costs and disbursements. In our opinion, the work stoppage by appellants, upon the record presented, was in violation of the no-strike provision contained in the collective bargaining agreement between respondent and appellant union and caused irreparable injury to respondent. Such breach of contract was properly enjoined, the controversy being neither within the exclusive jurisdiction of the National Labor Relations Board (Stewart Stamping Corp. v. Uprichard, 284 App. Div. 902; Employees Assn. v. Westinghouse Corp., 348 U. S. 437 [n. 2, pp. 443-444]; Independent Petroleum Workers of N. J. v. Esso Std. Oil Co., 235 F. 2d 401; McCarroll v. Los Angeles County Dist. Council of Carpenters, 315 P. 2d 322, cert. denied 355 U. S. 932) nor of the Federal courts (McCarroll v. Los Angeles County Dist. Council of Carpenters, supra; General Bldg. Contrs. Assn. v. Local Union No. 542, 370 Pa. 73; cf. Metzger Co. v. Fay, 4 A D 2d 436, 439—440). Nor does the action involve a labor dispute within the meaning of section 876-a of the Civil Practice Act (Stewart Stamping Corp. v. Uprichard, supra; cf. Dalzell Towing Co. v. United Mar. Div., I. L. A., Local 333, 279 App. Div. 212). Since appellants’ motion to dismiss was addressed to the sufficiency of the complaint as a whole, and since the first cause of action, for injunctive relief, was in our opinion sufficient, the motion to dismiss was properly denied and it is unnecessary to decide whether the second cause of action, seeking damages from the individual appellants, is sufficient (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79, 84; Andrews v. 98 Montague, 282 App. Div. 1066).
Nolan, P. J., Wenzel, Beldoek, Ughetta and Kleinfeld, JJ., concur.