■ IDA TELSNER, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.—

Plaintiff has recovered a substantial verdict as a result of a claimed fall on a subway platform maintained by defendant. Deficiencies in the proof and errors in the court's charge require a new trial. The complaint alleges that plaintiff, while on the platform, was hemmed in by a crowd and pushed between a train and the platform causing her to be struck by the train. No such proof was offered at the trial. Plaintiff, as the sole testifying witness to the accident, stated that the platform was crowded. When a train came along and the doors opened people pushed out — " they pushed so much that somehow I just slipped and fell    *    *    *    I guess between the platform and the train. Exactly where, I don't know ". Statements made by plaintiff to third persons immediately after the accident made no mention of the fact that the fall was caused by the crowded condition of the platform. More-over, there is no proof of adequate notice to defendant of the claimed existing condition on the platform or a preponderance of evidence to establish causal relation between such condition and plaintiff's fall. The court in its charge

instructed the jury that they might consider whether or not there were barriers, guardrails or guards on the platform. Plaintiff's action was neither brought nor tried on the absence of such protective devices. This erroneously injected into the trial a subsidiary issue not presented by pleading or proof. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.