■ WATERGATE II APARTMENTS, Respondent, v BUFFALO SEWER AUTHORITY, Appellant.—Order unanimously reversed, without costs, defendant's motion granted and complaint dismissed. Memorandum: Plaintiff is a designated "redevelopment company" pursuant to article 5 of the New York Private Housing Finance Law and is the builder and owner of twin residential apartment buildings in the City of Buffalo. It brought this action seeking a declaratory judgment that certain sewer rents imposed on its real property constitute an unlawful tax and violate a tax abatement agreement between it and the City of Buffalo. By that agreement the city promised to grant plaintiff exemption from all taxes in excess of $35,200, other than assessments for local improvements, pursuant to section 125 of the Private Housing Finance Law. The exemption was for the period of the mortgage or 40 years, whichever period. was shorter. After completion of construction of the apartment buildings appellant Buffalo Sewer Authority levied sewer rent charges for fiscal years 1975 and 1976. The charges were submitted on city tax bills and were divided into three parts: (1) a charge based upon the assessed value of the non-tax-exempt property, i.e., the value of the property before development, (2) a charge based upon the quantity of water used and (3) a charge based upon the value of the tax-exempt property, i.e., value added to the property by development, multiplied by a standard factor. Plaintiff paid the charges in Nos. 1 and 2 but it refuses to pay the charge described in No. 3, asserting that it is an illegal tax and imposed in violation of its exemption agreement with the city. Plaintiff, alleging that the unpaid tax constitutes a lien upon its property and jeopardizes its financing with the Federal lending agencies, seeks a declaration of illegality and an injunction against collection of the charge. The sewer rents, if legally computed, do not violate the terms of the tax abatement agreement. By that instrument, the city agreed "to exempt [plaintiff's property] from local and municipal taxes [other than assessments for local improvements] and from such taxes as may be levied by or on behalf of any taxing jurisdiction as defined in Subdivision 1 (d) of Section 125 of the Private

Housing Finance Law" on the increased value of the property due to the improvements. Plaintiff contends that the sewer rent is a tax rather than a charge for services and that it is illegal because appellant is a taxing jurisdiction within the meaning of the exemption statute and the agreement. The statute defines a "taxing jurisdiction" as "any municipal corporation or district corporation, including any school district or any *special district having the power to levy or collect taxes* and benefit assessments upon real property, or in whose behalf such taxes or benefit assessments may be levied or collected [emphasis added]" (Private Housing Finance Law, § 125, subd 1, par [d]). Conspicuously absent from this definition is a public benefit corporation, such as appellant (see Public Authorities Law, § 1177), which the parties agree lacks *"the power to levy* or collect taxes." Appellant is not, therefore, a "taxing jurisdiction" within the definition of the Private Housing Finance Law and the charge, if otherwise legal, is not one which the agreement exempts from payment. We do not decide whether the method by which the charge is computed is legal under section 1180 of the Public Authorities Law. Plaintiff's complaint is one properly addressed to appellant in the first instance since section 1180 provides an administrative proceeding for notice and adjustment of sewer rents. Plaintiff may not challenge the method of computing sewer rents by appealing to the courts before exhausting its administrative remedy *(Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.