■ MELVIN BEACHER, Appellant, v MILAU ASSOCIATES, INC., Respondent. —Appeal from an order of the Supreme Court, Rockland County, dated January 21, 1977, dismissed as academic. That order was superseded by the order dated March 25, 1977, made upon reargument. Order dated March 25, 1977 affirmed. Respondent is awarded one bill of $50 costs and disbursements to cover both appeals. No opinion. Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.

■ JAMES H. BURNS, an Infant, by His Parent and Natural Guardian, SHIRLEE D. BURNS, et al., Appellants, v COUNTY OF NASSAU, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, dated October 26, 1976, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. The complaint alleges, *inter alia,* that the County of Nassau negligently failed to provide sufficient traffic controls and police protection to the infant plaintiff at the street corner where he was injured by a motor vehicle. Plaintiffs claim that increased vigilance on the part of the county was reasonably required in order to safely control the increased traffic flow on local streets resulting from a rise in the toll on the Southern State Parkway. However, it is well settled that the failure to provide special police and fire protection is not actionable by persons injured as a result of that failure *(Motyka v City of Amsterdam,* 15 NY2d 134; *Evers v Westerberg,* 38 AD2d 751, affd 32 NY2d 684). The County of Nassau had no special duty to provide additional traffic assistance at this intersection; nor did it voluntarily assume that duty. Therefore, the plaintiffs have no actionable claim against the county (see *Pratt v Robinson,* 39 NY2d 554; *Florence v Goldberg,* 48 AD2d 917). Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.