■ BARBARA CUDDY, Respondent, v CLINTON P. MURDOCK et al., Respondents, and TOWN OF SMITHTOWN, Appellant. — In a negligence action to recover damages for personal injuries, defendant Town of Smithtown appeals from an order of the Supreme Court, Suffolk County (DeLuca, J.), dated June 27, 1980 which, *inter alia,* denied its motion for summary judgment. Order reversed, on the law, without costs or disbursements, and motion for summary judgment in favor of defendant Town of Smithtown is granted. The instant action arises out of a two-car accident which occurred on Veterans Highway at the intersection of Veterans Highway and Willets Path. Plaintiff has alleged that the lights at the intersection malfunctioned. It is uncontested that Veterans Highway is a State road and the traffic light in question was maintained by the State. Special Term permitted the action to proceed against the Town of Smithtown stating that the proof was inconclusive as to liability under plaintiff's theory that "if the traffic signals at the intersection malfunctioned, then it would be the Town's responsibility to assure temporary control." It is well settled that the failure to provide special police or fire protection is not actionable by persons injured as a result of that failure. *(Motyka v City of Amsterdam,* 15 NY2d 134; *Evers v Westerberg,* 38 AD2d 751, affd 32 NY2d 684.) The Town of Smithtown had no special duty to provide additional traffic assistance at this intersection, nor did it voluntarily assume that duty. Therefore, the plaintiff has no actionable claim aginst the town even if the plaintiff was attempting to turn onto a town road. (See *Pratt v Robinson,* 39 NY2d 554; *Burns v County of Nassau,* 60 AD2d 900.) Gulotta, J. P., Margett, Weinstein and Thompson, JJ., concur.