■ PAPTS FOOD CORPORATION, Doing Business as TONY'S PIZ-ZERIA, Respondent, v CITY OF NEW YORK et al., Appellants. — Order of the Supreme Court, New York County (A. Saks, J.), entered October 21, 1983, which denied motions by the defendants to dismiss the complaint, is unanimously reversed, on the law, and the motions granted, without costs.

Plaintiff, Papts, is the owner and operator of Tony's Pizzeria, located at 125th Street and Seventh Avenue in Manhattan. A bus stop and bus shelter are located directly in front of Tony's Pizzeria, which faces 125th Street, a major thoroughfare. Plaintiff, in violation of section 755(2)-7.0 of the Administrative Code of the City of New York, allowed the sidewalk abutting the pizzeria to become strewn with litter. Consequently, Papts received notices of violations and summonses from the defendants city and the Environmental Control Board (Board). Papts maintains that the litter and debris on the sidewalk are caused by persons awaiting or alighting from the defendant Manhattan and Bronx Surface Transit Operating Authority's (MABSTOA) buses.

On May 20, 1983, Papts commenced this action. The complaint sought a permanent injunction restraining the city and the Board from further notices of violations and summonses. It alleged that the sidewalk's unsanitary condition is attributable to bus passengers' use of the bus stop facing Papts' premises. The complaint also contended that any duty in regard to the sidewalk should be shifted to the city, the Board, and to MABSTOA, which it alleges to have authorized the bus stop's location. The complaint also seeks to recover the sum of $250,000 in damages.

Plaintiff sought a preliminary injunction restraining defendants from issuing summonses to it. The city, the Board and MABSTOA opposed the requested injunctive relief and cross-moved to dismiss for failure to state a cause of action.

Special Term denied plaintiff's motion for a preliminary injunction as well as the cross motion to dismiss. It held that a notice of claim was not required where the action is brought in equity to restrain a continuing act and a demand for money damages is merely incidental to the requested relief.

This, however, was only one of the several grounds for dismissal raised by the defendants, i.e., that Papts had failed to comply with the notice of claim provisions of sections 50-e and 50-i of the General Municipal Law. Special Term did not address additional and independent grounds raised in the cross motion to dismiss the complaint and therefore defendants moved for reargument, which was denied on February 22, 1984.

Section 1404 of chapter 57 of the New York City Charter provides in pertinent part that the Environmental Control Board shall enforce the provisions of the Charter and Administrative Code and any rules and regulations made pursuant to them which relate to the cleanliness of the streets. The Rules and Regulations Governing Enforcement Proceedings before the Board, adopted pursuant to section 1404, govern enforcement proceedings and provide, *inter alia,* for appearances of individuals on their own behalf or by counsel or other agents before hearing officers or the Board.

The action herein by plaintiff appears to be an attempt to avoid the administrative procedures established for review of summonses issued by the Board. The situation in which plaintiff is involved is appropriate to a CPLR article 78 proceeding (cf. *Solnick v Whalen,* 49 NY2d 224, 230-231). However, in this case, such a proceeding would be premature since plaintiff never availed itself of the Board hearing process available pursuant to section 1404. The administrative remedies should have been exhausted prior to judicial review (see *Watergate II Apts. v Buffalo Sewer Auth.,* 60 AD2d 778, affd 46 NY2d 52, 57).

An exception can be made when a constitutional challenge is raised with respect to the act of an administrative agency. No such challenge was made by plaintiff. It did not avail itself of available administrative remedies, thus rendering this action premature (see *Boyle v Kelley,* 42 NY2d 88).

By seeking to enjoin the issuances of summonses for "dirty sidewalk" violations, plaintiff seeks to enjoin a basic law enforcement function of the city. Section 755(2)-7.0 of the Administrative Code is clear and unambiguous in requiring property owners to be responsible for the sanitary condition of sidewalks abutting their property. Section 755(2)-7.0 makes no exceptions. Thus it provides, in pertinent part, as follows:

"2. Every owner, lessee, tenant, occupant or person in charge of any building or premises shall keep and cause to be kept the sidewalk, flagging and curbstone abutting said building or premises free from obstruction and nuisances of every kind, and shall keep said sidewalks, air shafts, areaways, backyards, courts and alleys free from garbage, refuse, rubbish, litter and other offensive material. Such persons shall also remove garbage, refuse, litter, debris and other offensive material between the curbstone abutting the building or premises and the roadway area extending one and one-half feet from the curbstones into the street on which the building or premises front* * *

"9. Any person violating the provisions of this section shall be liable and responsible for a civil penalty of not less than fifty dollars nor more than two hundred fifty dollars".

Plaintiff contends, correctly, that the city has the authority to establish, determine and maintain the location of bus stops and bus shelters (see New York City Charter, § 2903, subd e, par [2]; *BusTop Shelters v City of New York,* 99 Misc 2d 198). However, even were it shown that the city has a duty to clean bus shelters, plaintiff would still be responsible for removing trash from the sidewalk in front of its pizzeria. Any loss suffered by a property owner due to the presence of a bus stop must be borne by the owner (see *Cities Serv. Oil Co. v City of New York,* 5 AD2d 869, affd 5 NY2d 110).

The complaint asserts that MABSTOA had a duty to clean the sidewalk. It must be noted that the Authority is not a city agency or synonymous with the city (*Collins v Manhattan & Bronx Surface Tr. Operating Auth.,* 62 NY2d 361). MABSTOA is a subsidiary of the New York City Transit Authority (Public Authorities Law, § 1201 *et seq.*).

Papts makes no showing of a duty owing to it by MABSTOA in regard to the abutting sidewalk. Without such a duty, this case can proceed no further (see *Akins v Glens Falls City School Dist.,* 53 NY2d 325, 332-333). It is plaintiff which has the statutory duty by reason of section 755(2)-7.0 of the Administrative Code.

Plaintiff recognizes that it is MABSTOA's passengers who litter and not MABSTOA. The Authority has no control over those persons and the Court of Appeals has refused to create a duty when third persons are involved (see *Pulka v Edelman,* 40 NY2d 781, mot for rearg den 41 NY2d 901).

Section 362 of the City Charter provides that the city's Board of Estimate "shall have the control of the streets of the city". The word "street" is "not * * * limited to the traveled way used by vehicles, but also includes sidewalks" (26 NY Jur, Highways, Streets, and Bridges, § 6, pp 175-176).

Despite the city's right to control the sidewalk, the duty to maintain, repair and clean the sidewalk has been shifted by statute to the owner or lessee of the abutting property (see, *inter alia,* New York City Charter, § 2904; Administrative Code, §§ 693-6.0, 755[2]-7.0).

In *People v Eisen* (77 Misc 2d 1044, affd 79 Misc 2d 829), the constitutionality of subdivision (a) of section 153.19 of the New York City Health Code was upheld. That section was found to be virtually identical to section 755(2)-7.0 of the Administrative Code, the section at issue here, and the duty in question was held to be one incident to ownership. The court in *Eisen* stated (77 Misc 2d, at p 1048): " '[T]he owner's liability does not depend upon fault; the concept of negligence is not even involved * * *

The property owner can be compelled not only to keep his sidewalk in repair, but can also be *required to keep it free of all obstructions, whether placed there by himself, by the forces of nature, or even by a stranger.'*"

Pursuant to the above analysis, Special Term erred in its denial of defendants' motions and should have dismissed the complaint as to all defendants for failure to state a cause of action. Concur — Sullivan, J. P., Asch, Bloom and Kassal, JJ.