(April 7, 1986)

■ JOSEPH DI MICELI et al., Appellants, v EARL H. OLCOTT et al., Defendants, and DORSEY TRAILERS, INC., Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Martin, J.), entered September 20, 1984, which granted the motion of the defendant Dorsey Trailers, Inc. (hereinafter Dorsey) for summary judgment dismissing the action insofar as it is asserted against it.

Order reversed, with costs, and motion denied.

For purposes of this appeal we assume, arguendo, that Dorsey has established a defense " ' "sufficiently to warrant the court as a matter of law in directing judgment" in [its] favor (CPLR 3212, subd [b]) * * * by tender of evidentiary proof in admissible form' " *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261; *see,* CPLR 3212 [b]; *see also, Schumacher v Richards Shear Co.,* 59 NY2d 239, 244-245). Once the moving party has satisfied his obligation the burden shifts and "the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do" *(Zuckerman v City of New York,* 49 NY2d 557, 560). However, "where knowledge is [the] key fact at issue, and [is] peculiarly within the possession of the movant himself, summary judgment will ordinarily be denied" *(Krupp v Aetna Life & Cas. Co., supra,* at p 262). The relationship between the defendants Dorsey and Trailco Corp. is unknown to the plaintiffs and known to Dorsey. Where the inability to properly oppose a motion for summary judgment is based upon an ignorance of facts, the ignorance must have been unavoidable

and a reasonable attempt must have been made to discover facts which give rise to triable issues *(see, Kenworthy v Town of Oyster Bay,* 116 AD2d 628). Here, the plaintiffs moved to depose Dorsey in 1979, which was a reasonable attempt to discover facts. However, Dorsey opposed that application and Special Term directed that Dorsey did not have to appear for depositions until five days prior to the trial of the action. Dorsey's deposition has not been taken to date. Inasmuch as discovery was delayed in order to accommodate Dorsey, a foreign corporation, summary judgment should not have been granted under the circumstances of this case. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.