■ LOUIS BALMIR, Respondent, v THEODORE POLLINS et al., Defendants, and LONG ISLAND RAIL ROAD COMPANY et al., Appellants.—In an action to recover damages for personal injuries, the defendants the Long Island Rail Road Company (hereinafter LIRR) and the Metropolitan Transportation Authority (hereinafter the MTA), the County of Nassau, and the Town of Hempstead, separately appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered December 17, 1985, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions for summary judgment are granted and the complaint and all cross claims are dismissed insofar as they are asserted against the appellants.

In opposing the subject applications for summary judgment, the plaintiff failed to dispute any facts or impeach the information provided by the movants in support of their denials that they had control over the site of the accident. Moreover, the plaintiff has failed to indicate that any reasonable attempts were made to discover facts giving rise to triable issues (Di Miceli v Olcott, 119 AD2d 539; Kenworthy v Town of Oyster Bay, 116 AD2d 628). Furthermore, information pertaining to the identity of the party responsible for the maintenance of the subject location would be a matter of public record (see, Mounier v Caristo Constr. Co., 106 AD2d 434). Absent evidence that any of the moving defendants assumed a duty to provide traffic assistance at the intersection where the accident occurred or that they otherwise voluntarily assumed any duty towards the plaintiff (see, Cuddy v Murdock, 84 AD2d 744), the motions for summary judgment should have been granted. Thompson, J. P., Weinstein, Lawrence and Harwood, JJ., concur.