■ JENNIE GOLD, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, the defendant New York City Transit Authority (hereinafter the Transit Authority) appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), entered January 28, 1987, which denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed, on the law and the facts, with costs payable by the respondent, the Transit Authority's motion is granted and the complaint is dismissed as against it.

On April 1, 1986, the plaintiff tripped and fell on broken glass from a bus shelter located at 75th Street and Bay Parkway, Brooklyn. The plaintiff commenced this action against the City of New York and the Transit Authority, alleging that these defendants were negligent in failing to maintain the sidewalk and bus shelter in a safe and proper manner.

The Transit Authority moved for summary judgment dismissing the complaint as to it upon the ground that it does not exercise any control over the public streets, sidewalks or bus shelters.

We find that summary judgment dismissing the complaint as against the Transit Authority should have been granted. The control and responsibility with respect to bus shelters lies with the Board of Estimate of the City of New York (see, NY City Charter § 2903 [e] [2]). The duty to maintain, repair and clean the sidewalks has been statutorily transferred to the owner or lessee of the abutting property (see, NY City Charter § 2904; Administrative Code of City of New York § 19-152). Thus, the action herein, which merely alleged negligence with respect to the maintenance and repair of the sidewalk and bus shelter, could only have been properly brought against the City of New York and/or the owner or lessee of the abutting property.

Having established the Transit Authority's entitlement to summary judgment as a matter of law, scrutiny of the plaintiff's opposing papers finds them to be insufficient to defeat the motion. The plaintiff's attorney's affirmation merely sets forth, for the first time, the unsubstantiated allegation that the plaintiff sustained her injuries while she was being discharged from one of the Transit Authority's buses. No evidentiary proof in admissible form was provided to raise an issue of fact with respect to such claim (see, Zuckerman v City of New York, 49 NY2d 557). Only mere speculative allegations, conjecture and surmise were presented.

Since the facts underlying the accident are within the knowledge of the plaintiff, denial of the motion based upon the need for further discovery would not have been warranted. In addition, no showing is made as to what efforts, if any, were made by the plaintiff or the City of New York to ascertain facts necessary to oppose the motion for summary judgment (see, Meath v Mishrick, 68 NY2d 992; Balmir v Pollins, 131 AD2d 410; Di Miceli v Olcott, 119 AD2d 539). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.