■ GUSSIE COPPERSMITH, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [599 NYS2d 75] —In an action to recover damages for personal injuries, the defendants, New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority appeal from (1) an order of the Supreme Court, Kings County (Jackson, J.), dated March 19, 1991, which, *inter alia,* denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them, and any cross claims against them, and (2) an order of the same court dated June 21, 1991, which denied their motion for renewal.

Ordered that the order dated March 19, 1991, is reversed, on the law, the cross motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, any cross claims against them are dismissed, and the action against the remaining defendant is severed; and it is further,

Ordered that the appeal from the order dated June 21, 1991, is dismissed as academic, in light of the determination on the appeal from the order dated March 19, 1991.

Ordered that the appellants are awarded one bill of costs, payable by the plaintiff.

The plaintiff was injured when she tripped and fell while attempting to step onto a concrete island/median located in the middle of Ocean Parkway in Brooklyn. The area of the median adjacent to where the plaintiff fell is a designated bus stop, and, at the time of the accident, the plaintiff was attempting to step onto the median in order to wait for a bus. In her complaint, the plaintiff alleged that the accident was the result of the appellants' negligence in the design, construction, and maintenance of the bus stop area.

It is beyond cavil that responsibility for bus stops within the City of New York, including the sidewalks and curbs attendant thereto, rests solely with the City of New York and/or the owner or lessee of the abutting property *(see, Panso v Triboro Coach Corp.,* 172 AD2d 813; *Gold v City of New York,* 141 AD2d 502; *Papts Food Corp. v City of New York,* 107 AD2d 643; *Friedman v Gearrity,* 33 AD2d 1044). In the case at bar, the property upon which the median bus stop was located, as well as the abutting streets, are owned by the City of

New York. Therefore, since the complaint alleges negligence predicated only upon the design, construction, and maintenance of the island/median bus stop, the action could only be properly brought against the City of New York *(see, Gold v City of New York,* 141 AD2d 502, 503, *supra).*

Nor do we find merit to the plaintiff's contention that the appellants are partially responsible for the accident based upon their alleged failure to schedule a sufficient number of buses at this particular bus stop so as to avoid overcrowding of waiting passengers. Not only has plaintiff failed to allege such a condition in her complaint, but there is no evidence in the record that the plaintiff's "freedom of movement was unduly restricted" on the date of the occurrence, nor that any alleged overcrowding was causally connected to the plaintiff's fall *(see, Palermo v New York City Tr. Auth.,* 141 AD2d 809; *see also, Brown v New York City Tr. Auth.,* 172 AD2d 178; *Telsner v New York City Tr. Auth.,* 15 AD2d 455). Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.