■ MARIE ROMULEUS, Appellant, v CITY OF NEW YORK et al., Respondents. [608 NYS2d 77] —Order, Supreme Court, Bronx County (Lewis Friedman, J.), entered April 7, 1992, which granted defendant New York City Housing Authority's motion for summary judgment, and denied plaintiff's cross motion for leave to serve an amended summons and complaint and an amended notice of claim, unanimously affirmed, without costs.

The IAS Court properly granted summary judgment dismissing the complaint because defendant was prejudiced by plaintiff's failure to timely amend her notice of claim and her complaint for over two years after the date of the underlying accident (see, Caselli v City of New York, 105 AD2d 251; see also, O'Hara v Tidewater Oil Co., 23 AD2d 870). Prejudice to the defendant was properly inferred by the IAS Court from the magnitude of the defect in the original papers in this case, resulting in defendant's inability to locate the site of the accident. Concur—Sullivan, J. P., Carro, Rosenberger and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE ALLEN, Appellant. [608 NYS2d 77] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered July 16, 1991, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree (3 counts), and sexual abuse in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years on the rape and sodomy counts, and 3½ to 7 years on the sexual abuse count, unanimously affirmed.

Contrary to defendant's contention, the Trial Justice did not abuse his discretion when he denied an adjournment to give defendant a further opportunity to produce a witness. Defendant was unable to state when the witness could appear and failed to establish that the testimony of this witness was material (People v Foy, 32 NY2d 473).

Nor did the court err in curtailing defense counsel's attempt on cross-examination to explain defendant's struggle with the police (see, People v Dlugash, 41 NY2d 725, 736; People v Etheridge, 71 AD2d 861). In any event, the error was harmless in view of the complainant's convincing testimony which was otherwise corroborated (People v Crimmins, 36 NY2d 230). Concur—Sullivan, J. P., Carro, Rosenberger and Wallach, JJ.