■ BERYL DENNIS et al., Respondents, v CITY OF NEW YORK, Defendant, and MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants. [629 NYS2d 57] —In a negligence action to recover damages for personal injuries, etc., the defendants Manhattan and Bronx Surface Transit Operating Authority and New York City Transit Authority appeal from an order of the Supreme Court, Queens County (Price, J.), dated October 25, 1993, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them and granted the plaintiffs' cross motion to amend the notice of claim.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed insofar as it is asserted against the defendants Manhattan and Bronx Surface Transit Operating Authority and New York City Transit Authority.

On or about November 11, 1991, the plaintiff Beryl Dennis served a sworn notice of claim upon the appellants regarding injuries she allegedly suffered on September 28, 1991, as the result of a collision between a motor vehicle which she was operating and a bus owned and operated by the appellants. At a subsequent examination pursuant to General Municipal Law § 50-h, conducted on March 11, 1992, the injured plaintiff testified under oath that she had been a passenger on a bus at the time of the incident and that her injury had occurred at a par-

ticular bus stop where she had disembarked. On March 18, 1992, the plaintiffs' attorney wrote to the appellants to make a "change" in the notice of claim previously served on them. The attorney enclosed a copy of a sworn notice of claim served on the defendant City of New York regarding the same incident, which he claimed "differ[ed] slightly" from the notice previously served on the appellants. This notice made no mention of a vehicular collision or of the injured plaintiff having been a passenger on a bus. Rather, it described the purported accident as a "slip and fall" at a bus stop "as a result of a dangerous and defective condition present in the sidewalk/curb". The plaintiffs thereafter commenced the instant action in September 1992, alleging that the appellants and the City of New York owned and maintained the bus stop, and that Beryl Dennis "was caused to trip and/or slip and fall on a defective condition in the roadway by the bus stop". The plaintiffs reiterated these assertions in their bill of particulars.

The appellants moved for summary judgment dismissing the complaint as against them, contending that the plaintiffs had failed to state a cause of action against them and had finally settled on one of many conflicting factual accounts of the accident which was not set forth in the notice of claim served on the appellants in November 1991. More than two years after the accident, the plaintiffs cross-moved for leave to amend their notice of claim to "correct" any defects therein. The Supreme Court denied the appellants' motion and granted the plaintiffs' cross motion, permitting service of an amended notice of claim. We reverse.

Since the plaintiffs alleged numerous contradictory versions of the accident and eventually conceded that the notice of claim served on the appellants, alleging a motor vehicle accident, was erroneous, it is clear that they never served the appellants with a notice of claim setting forth the manner in which the purported accident upon which they now sue occurred. Moreover, given the plaintiffs' lengthy delay in seeking to amend the notice of claim and the obvious prejudice which would inure to the appellants as a result of the amendment, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' cross motion (see, Romuleus v City of New York, 200 AD2d 387; Frazer v New York City Hous. Auth., 198 AD2d 329). Furthermore, we note that the theory of liability which the plaintiffs apparently have decided to pursue (i.e., that Beryl Dennis tripped and fell as a result of a defective condition in the curb or sidewalk) fails to state a cause of action against the appellants inasmuch as it is well settled that

the appellants are not responsible for the sidewalks and curbs at which bus stops are located within New York City *(see, Coppersmith v City of New York,* 194 AD2d 586). Accordingly, the appellants' motion is granted and the complaint is dismissed insofar as it is asserted against them. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.