■ AUDREY BLAKENEY, Respondent, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [634 NYS2d 521] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an

order of the Supreme Court, Kings County (Greenstein, J.), dated December 23, 1993, as denied the branch of its motion pursuant to CPLR 3212 which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law and on the facts, without costs or disbursements, the branch of the New York City Transit Authority's motion which is for summary judgment dismissing the complaint is granted, the complaint is dismissed insofar as asserted against it, and the action against the remaining defendants is severed.

On September 1, 1992, the plaintiff tripped and fell over the bottom portion of the bare metal frame of a bus stop shelter. The frame was bare because the plexiglass panel it usually supported was missing and therefore the plaintiff failed to see the frame. Thereafter, in April 1993, the plaintiff commenced this action against the City of New York, the New York City Transit Authority (hereinafter the NYCTA), and Gannett Transit. The complaint alleged, *inter alia,* that the NYCTA was negligent in the manner in which it owned and/or maintained the bus shelter. In July 1993, the NYCTA moved, *inter alia,* for summary judgment dismissing the complaint on the grounds that it did not own, maintain, operate, or control the location or maintenance of the bus stop shelter.

We find that the Supreme Court should have granted the branch of the NYCTA's motion which was for summary judgment dismissing the complaint as against it. It is clear that the responsibility for the maintenance and creation of bus shelters lies with the codefendant City of New York and has not been transferred to the NYCTA. Thus, the plaintiff failed to state a cause of action to recover damages because of the NYCTA's failure to properly maintain and/or repair the bus shelter *(see, Gold v City of New York,* 141 AD2d 502).

Although the plaintiff also alleged that the NYCTA actually created the defect which caused her injury and that it made a special use of the bus shelter, thereby requiring it to repair any defects, the plaintiff's papers are insufficient to defeat the branch of the motion which was for summary judgment. The conclusory allegations in the plaintiff's bill of particulars that the NYCTA in some unspecified manner both caused the condition complained of and made a special use of the premises, fail to present evidentiary facts sufficient to warrant the denial of the branch of the NYCTA's motion which was for summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Gold v City of New York, supra).* To the extent that our decisions in *Dursi v New York City Tr. Auth.* (198 AD2d 470), and its prog-

eny may be read to the contrary, they should no longer be followed. Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.