■ NANCY GALL et al., Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [636 NYS2d 837] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated October 7, 1994, which dismissed the complaint insofar as it is asserted against the defendant New York City Transit Authority.

Ordered that the order is affirmed, with costs.

The injured plaintiff slipped and fell on a patch of snow on the sidewalk of Castleton Avenue in Staten Island. As a result,

she injured her leg on a three-to-four-inch stump of a pole that was protruding from the sidewalk. The plaintiffs commenced this action against, *inter alia,* the New York City Transit Authority (hereinafter the NYCTA) alleging that the stump was the remnant of a bus-stop sign.

The NYCTA owed no duty to the injured plaintiff. Even if the stump was the remnant of a bus-stop sign, the responsibility to maintain bus stops within the City of New York, including the sidewalks and curbs attendant thereto, rests with the City of New York or the owner or lessee of the abutting property *(see, Coppersmith v City of New York,* 194 AD2d 586; *Gold v City of New York,* 141 AD2d 502; *see also, Brown v New York City Tr. Auth.,* 172 AD2d 178). We reject the plaintiffs' contention that the NYCTA could be held liable under the theory that it put the area in question to a special use *(see generally, D'Ambrosio v City of New York,* 55 NY2d 454). The NYCTA was not the owner of the abutting property, nor did it derive a special benefit from the alleged bus-stop sign *(see,* New York City Charter § 2903 [a] [2]). Finally, there is no allegation or proof that the NYTCA created the condition that caused the injured plaintiff's injuries *(cf., Dursi v New York City Tr. Auth.,* 198 AD2d 470). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.