■ SHIRLEY McFARLANE, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [663 NYS2d 292] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated December 6, 1996, which granted the plaintiff's motion to vacate her default in opposing its motion for summary judgment, and upon reargument of that motion, denied the motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion to vacate her default is denied, and the order of the Supreme Court, Kings County, dated February 20, 1996, granting the appellant's motion for summary judgment on default is reinstated.

The plaintiff allegedly tripped and fell on a defective portion of the roadway within a bus stop in Brooklyn. In order to vacate a default on a motion, the movant must establish that the default was excusable and that he or she has a meritorious action or defense (*see, Capitol Distribs. Corp. v Church Ave. Wine & Liq.,* 204 AD2d 588). The plaintiff failed to establish that her cause of action against the appellant Transit Authority had merit since the City of New York, not the appellant, bears responsibility for the maintenance of bus stops within the City of New York (*see, Coppersmith v City of New York,* 194 AD2d 586; *Dennis v City of New York,* 216 AD2d 517). Although the plaintiff alleged that the appellant actually created the defect which caused her fall, the plaintiff's allegations were based simply on the normal operation of the appellant's buses. Any responsibility to repair such a defect rested upon the City, not the appellant. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.