■ MILDRED PINERO, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents. [663 NYS2d 570] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about October 10, 1996, which, insofar as appealed from as limited by plaintiff's brief, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly granted to defendants. Plaintiff, who tripped on a bag left by another passenger on the back stairs of a crowded bus as plaintiff attempted to exit the

rear doors of bus, has not established that defendants breached their duty to exercise reasonable care (*see, Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106). Nor is there evidence presented as to when the bag was placed on the back stairs, or that defendants had either actual or constructive notice of its presence (*see, Telsner v New York City Tr. Auth.*, 15 AD2d 455). As to her theory of liability based on overcrowding, "[t]here was no evidence that the plaintiff's freedom of movement was unduly restricted" such as to impose liability upon defendants (*Palermo v New York City Tr. Auth.*, 141 AD2d 809, 810). We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.