■ STAN STUART, Doing Business as SILVER RIVER MARINA, Respondent, v LINDA TENNEN KUSHNER, Appellant. [833 NYS2d 187]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated March 14, 2006, which denied those branches of her motion which were pursuant to, inter alia, CPLR 3012 (d) to vacate her default in appearing or answering the complaint and for leave to serve an answer and, in effect, denied as academic that branch of her motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, those branches of the defendant's motion which were to vacate her default in appearing or answering the complaint and for leave to serve an answer are granted, the answer is deemed served, and the matter is remitted to the Supreme Court, Nassau County, to determine

on the merits that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to vacate her default in timely appearing or answering the complaint. In light of the lack of any prejudice to the plaintiff resulting from the short two-month delay, the lack of willfulness on the part of the defendant, the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits, the defendant's default in appearing or answering the complaint should have been excused (*see* CPLR 2004; *Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d 673, 674 [2006]; *Yonkers Rib House, Inc. v 1789 Cent. Park Corp.*, 19 AD3d 687, 688 [2005]; *Trimble v SAS Taxi Co. Inc.*, 8 AD3d 557, 558 [2004]), and leave to serve an answer should have been granted (*see* CPLR 3012 [d]).

In light of our determination, we remit the matter to the Supreme Court, Nassau County, to determine on the merits that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) (*see Campbell v Vakili*, 30 AD3d 457 [2006]; *Korpalski v Lau*, 17 AD3d 536, 538 [2005]; *Galati v Brice*, 290 AD2d 530, 531 [2002]). Rivera, J.P., Spolzino, Fisher and Dickerson, JJ., concur.