■ SIDNEY TANZER, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [837 NYS2d 336]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.) dated April 21, 2006, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff was injured when he tripped and fell on a raised and mounded section of roadway located in the area of a bus stop adjacent to 1921-1923 Avenue Z in Brooklyn. The plaintiff commenced this action against the City of New York and the New York City Transit Authority (hereinafter the NYCTA) alleging that the defect in the roadway surface was created by the massive weight and constant movement of NYCTA buses over the subject area. In February 2006 the NYCTA moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not own, maintain, operate, or control the area.

The Supreme Court should have granted that branch of the NYCTA's motion which was for summary judgment dismissing the complaint insofar as asserted as against it. The responsibility for the maintenance, repair, and creation of the roadway surface lies with the defendant City of New York, not the NYCTA (*see Brown v City of New York,* 250 AD2d 638 [1998]; *McFarlane v City of New York,* 243 AD2d 691 [1997]; *Gall v City*

*of New York,* 223 AD2d 622 [1996]; *Blakeney v City of New York,* 222 AD2d 390 [1995]). Thus, the plaintiff is not entitled to recover damages based on the NYCTA's failure to properly maintain or repair the roadway surface in front of the bus stop.

In opposition to NYCTA's establishment, prima facie, of its entitlement to judgment as a matter of law, the plaintiff alleged that the NYCTA created the defect which caused him to fall. These allegations were based simply on the normal operation of NYCTA buses, and responsibility to repair such a defect rested with the City, not the NYCTA *(see McFarlane, supra).* We reject the plaintiff's contention that the NYCTA could be held liable under a theory that it put the area in question to a special use *(see Gall v City of New York,* 223 AD2d at 623). Bus lanes, like other elements of the City's infrastructure, are the responsibility of the City and do not constitute a special use by the NYCTA *(see Towbin v City of New York,* 309 AD2d 505 [2003]; *Gall, supra; Blakeney, supra).* Accordingly, triable issues of fact were not raised. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.