■ Sharon Methal, Appellant, v City of New York, Defendant, and New York City Transit Authority, Respondent. (Action No. 1.) Sharon Methal, Respondent, v New York City Transit Authority, Appellant. (Action No. 2.) [855 NYS2d 588]—

In two related actions to recover damages for personal

injuries, (1) the plaintiff in action No. 1 appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated June 21, 2006, which granted those branches of the motion of the defendant New York City Transit Authority which were pursuant to CPLR 3012 (d) to compel her to accept service of its answer and, in effect, for summary judgment dismissing the complaint insofar as asserted against it in that action, and (2) the defendant in action No. 2, New York City Transit Authority, appeals from an order of the same court (Battaglia, J.), dated January 7, 2007, which denied its motion to dismiss the complaint in that action pursuant to CPLR 3211.

Ordered that the order dated June 21, 2006 is affirmed; and it is further,

Ordered that the order dated January 7, 2007 is reversed, on the law, and the motion of the defendant New York City Transit Authority to dismiss the complaint in action No. 2 is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant New York City Transit Authority.

On April 20, 2004 the plaintiff allegedly was injured after tripping and falling in the roadway on Avenue M in Brooklyn, New York. The area where the plaintiff claims to have fallen was at or near a New York City bus stop, and the asphalt in that area allegedly was in a defective and dangerous condition. In July 2005 the plaintiff commenced action No. 1 against the defendants City of New York and the New York City Transit Authority (hereinafter the NYCTA). In an order dated June 21, 2006, the Supreme Court granted those branches of the NYCTA's motion which were to compel the plaintiff to accept service of its answer and, in effect, for summary judgment dismissing the complaint insofar as asserted against it. In late October 2006 the plaintiff commenced action No. 2, arising out of the same occurrence, but named only the NYCTA as a defendant. The Supreme Court denied the NYCTA's motion to dismiss the complaint in action No. 2.

In action No. 1, the Supreme Court providently exercised its discretion in granting that branch of the NYCTA's motion which was pursuant to CPLR 3012 (d) to compel the plaintiff to accept its late answer. The NYCTA set forth a reasonable excuse for its delay in answering, there was no evidence of willful conduct or a desire to abandon the action, the delay of 37 days in answering was brief, and there was no prejudice to the plaintiff (*see* CPLR 3012 [d]; *Stuart v Kushner,* 39 AD3d 535, 536 [2007]; *Trimble v SAS Taxi Co. Inc.,* 8 AD3d 557, 558 [2004]; *Goodman v New York City Health & Hosps. Corp.,* 2 AD3d 581, 582

[2003]). Moreover, the NYCTA demonstrated a meritorious defense (see *Shaller v City of New York,* 41 AD3d 697 [2007]; *Tanzer v City of New York,* 41 AD3d 582 [2007]).

In action No. 1, the Supreme Court also properly granted that branch of the NYCTA's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it. The NYCTA established, prima facie, that it had no responsibility or control over the maintenance and repair of New York City roadways (see NY City Charter § 2903 [b]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that the NYCTA created the allegedly dangerous condition of the roadway by the normal use of its buses and that the NYCTA put the subject area to special use are without merit (see *Shaller v City of New York,* 41 AD3d 697 [2007]; *Tanzer v City of New York,* 41 AD3d 582 [2007]; *Mc-Farlane v City of New York,* 243 AD2d 691 [1997]; *Gall v City of New York,* 223 AD2d 622, 623 [1996]).

In action No. 2, the Supreme Court erred in denying the NYCTA's motion to dismiss the complaint. That action was barred by the doctrine of res judicata, since the dismissal of the prior action was a determination on the merits (see *Daluise v Sottile,* 40 AD3d 801, 802-803 [2007]; *83-17 Broadway Corp. v Debcon Fin. Servs., Inc.,* 39 AD3d 583, 584 [2007]; see generally *Luscher v Arrua,* 21 AD3d 1005, 1007 [2005]). An order granting a summary judgment motion is on the merits and has preclusive effect (see *Eidelberg v Zellermayer,* 5 AD2d 658, 662 [1958], affd 6 NY2d 815 [1959]). In the motion practice which resulted in dismissal of the first complaint against the NYCTA, the parties clearly charted a summary judgment course and the Supreme Court was entitled to treat the NYCTA's dismissal motion as one for summary judgment (see CPLR 3211 [c]; cf. *Bowes v Healy,* 40 AD3d 566 [2007]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.