LILLIE GARRETT, Respondent, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [857 NYS2d 203]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated October 11, 2006, which denied, with leave to renew, its motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff allegedly sustained personal injuries when she tripped and fell in a hole in the roadway located on Rockaway Avenue in Brooklyn. The plaintiff commenced this action against numerous defendants including, among others, the appellant, New York City Transit Authority (hereinafter the NYCTA), and the City of New York. "The responsibility for the maintenance, repair and creation of the roadway surface lies

with the defendant City of New York, not the NYCTA" (*Tanzer v City of New York,* 41 AD3d 582, 582 [2007]). Thus, the plaintiff is not entitled to recover damages based on the NYCTA's failure to properly maintain or repair the roadway surface where she allegedly tripped and fell.

In opposition to the NYCTA's establishment, prima facie, of its entitlement to judgment as a matter of law, neither the plaintiff nor the defendants City of New York and QNCC Electrical Contracting Corp. raised a triable issue of fact (*see* CPLR 3212 [b]) as to whether the NYCTA created the alleged defect which caused the plaintiff to fall. Moreover, the motion was not premature since the plaintiff and those defendants failed to offer an evidentiary basis to show that further discovery might have led to relevant evidence (*see Arpi v New York City Tr. Auth.,* 42 AD3d 478, 479 [2007]). Accordingly, the Supreme Court should have granted the NYCTA's motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.