LILLIAN FISCHER, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [46 NYS3d 916]—

In an action, inter alia, to recover damages for employment discrimination and wrongful termination, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered October 30, 2014, which granted the motion of all the defendants except Lybi Gittens pursuant to CPLR 3012 (d) to extend the time to serve an answer, and denied her cross motion for leave to enter a default judgment against those defendants.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting the moving defendants' motion pursuant to CPLR 3012 (d) to extend their

time to serve an answer. The moving defendants set forth a reasonable excuse for their delay in answering, and demonstrated that there was no evidence of willful misconduct or a desire to abandon the action, and that there was no prejudice to the plaintiff (*see* CPLR 3012 [d]; *Methal v City of New York*, 50 AD3d 654, 655 [2008]; *Stuart v Kushner*, 39 AD3d 535, 536 [2007]; *Trimble v SAS Taxi Co. Inc.*, 8 AD3d 557, 558 [2004]; *Goodman v New York City Health & Hosps. Corp.*, 2 AD3d 581, 582 [2003]). Moreover, the moving defendants demonstrated a meritorious defense (*see Methal v City of New York*, 50 AD3d at 656; *Shaller v City of New York*, 41 AD3d 697 [2007]; *Tanzer v City of New York*, 41 AD3d 582 [2007]; *McFarlane v City of New York*, 243 AD2d 691 [1997]; *Gall v City of New York*, 223 AD2d 622, 623 [1996]). In light of the above, the Supreme Court also properly denied the plaintiff's cross motion for leave to enter a default judgment against the moving defendants (*see* CPLR 3215 [f]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 59 [2013]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.