Yuxi Li v Caruso (2018 NY Slip Op 03729)





Yuxi Li v Caruso


2018 NY Slip Op 03729


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-10428
 (Index No. 8597/15)

[*1]Yuxi Li, appellant, 
v
Angelo Caruso, respondent.


Steven Louros, New York, NY, for appellant.
Patrick Neglia, Garden City, NY (Richard A. Shannon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered August 24, 2016. The order, insofar as appealed from, denied the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant on the issue of liability and granted that branch of the defendant's cross motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 19, 2015, the plaintiff, while operating a vehicle in Jericho, allegedly was injured during a collision between her vehicle and a vehicle owned and operated by the defendant. On July 15, 2015, the plaintiff commenced this action against the defendant to recover damages for personal injuries. On August 5, 2015, the defendant was duly served by delivery of the summons and complaint to his wife at their residence in Oyster Bay, which was followed by a mailing of those documents to the same address on August 6, 2015 (see CPLR 308[2]). The defendant did not appear or answer the complaint within the 30-day statutory period to do so after completion of service (see CPLR 308[2]; 320). On November 5, 2015, an additional copy of the summons and complaint was mailed to the defendant at his residence. The defendant interposed a verified answer dated November 30, 2015, which was received by the plaintiff's attorney on December 4, 2015, and rejected, inter alia, as untimely. Thereafter, the plaintiff moved, among other things, for leave to enter a default judgment against the defendant on the issue of liability. The defendant cross-moved, inter alia, pursuant to CPLR 3012(d) to compel the plaintiff to accept the late answer. The Supreme Court denied the plaintiff's motion and granted that branch of the defendant's motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept the late answer. The plaintiff appeals.
"In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action" (Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). A defendant who moves pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of an answer is required to make a similar showing (see id. at 983). CPLR 3012(d) expressly provides that "[u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default." "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Gershman v Ahmad, 131 AD3d 1104, 1105; see [*2]Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 661). "Whether a proffered excuse is reasonable' is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Fried v Jacob Holding, Inc., 110 AD3d 56, 60, quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her motion, inter alia, for leave to enter a default judgment against the defendant on the issue of liability and in granting that branch of the defendant's motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept the late answer (see Fischer v City of New York, 147 AD3d 1029; Jong Gwon Kim v Strippoli, 144 AD3d at 983). Under the circumstances, including that upon being served, the defendant sent the complaint to his personal attorney instead of his insurance company, and upon receipt of the complaint, the insurance company served a verified answer less than three months after the time period in which to answer had expired, the defendant set forth a reasonable excuse for his delay in answering. In addition, there was no evidence of willful misconduct or an intent to abandon the action, and there was no prejudice to the plaintiff (see Fischer v City of New York, 147 AD3d 1029; Spence v Davis, 139 AD3d 703, 704; Stuart v Kushner, 39 AD3d 535, 536; Kaiser v Delaney, 255 AD2d 362). Moreover, the defendant demonstrated the existence of a potentially meritorious defense. Given these factors, combined with the strong public policy favoring the resolution of cases on the merits, the defendant's delay in serving a timely answer was properly excused (see Gonzalez v Seejattan, 123 AD3d 762).
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court