Federal Natl. v Williams (2020 NY Slip Op 05888)





Federal Natl. v Williams


2020 NY Slip Op 05888


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-07724
 (Index No. 504924/15)

[*1]Federal National, plaintiff, 
v
Arlene Williams, defendant third-party plaintiff-appellant, et al., defendants; Mortgage Electronic Registration Systems, Inc., third-party defendant-respondent, et al., third-party defendant; Ocwen Loan Servicing, LL, nonparty-respondent.


G. Wesley Simpson, P.C., Brooklyn, NY, for defendant third-party plaintiff-appellant.
Maurice Wutscher, LLP, New York, NY (Thomas R. Dominczyk of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 16, 2017. The order granted the motion of the third-party defendant Mortgage Electronic Registration Systems, Inc., pursuant to CPLR 2004 and 3012(d) for a 30-day extension of time to answer the third-party complaint.
ORDERED that the order is affirmed, with costs.
The defendant third-party plaintiff, Arlene Williams, commenced a third-party action against the third-party defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), and another party. Service of the third-party complaint on MERS was completed on April 18, 2017. On May 26, 2017—less than two weeks after its time to serve an answer to the third-party complaint had expired—MERS moved pursuant to CPLR 2004 and 3012(d) for a 30-day extension of time to serve its answer. The Supreme Court granted the motion, and Williams appeals.
Contrary to Williams's contention, the Supreme Court providently exercised its discretion in granting MERS's motion to extend its time to serve an answer to the third-party complaint. MERS set forth a reasonable excuse for its short delay in serving an answer, and the record is bereft of any evidence of willfulness on the part of MERS, that MERS intended to abandon its defense of the third-party action, or that the plaintiff was prejudiced by the delay (see CPLR 3012[d]; Fischer v City of New York, 147 AD3d 1029, 1029-1030; Spence v Davis, 139 AD3d 703, 704; Youth v Grant, 126 AD3d 893; Methal v City of New York, 50 AD3d 654, 655; Schonfeld v Blue & White Food Prods. Corp., 29 AD3d 673, 674). Given "the strong public policy favoring the resolution of cases on the merits" (Yuxi Li v Caruso, 161 AD3d 1132, 1134), MERS's delay in serving a timely answer was properly excused (see Trimble v SAS Taxi Co. Inc., 8 AD3d 557, 558).
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court