Jeffrey v City of New York (2021 NY Slip Op 02790)





Jeffrey v City of New York


2021 NY Slip Op 02790


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2020-00012
 (Index No. 507063/17)

[*1]Dedra Jeffrey, respondent, 
v
City of New York, defendant, New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Burns & Harris, New York, NY (Judith Stempler and Jason S. Steinberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Metropolitan Transit Authority, Metropolitan Transit Bus Company, and Manhattan and Bronx Surface Transit Operating Authority appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated November 22, 2019. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants New York City Transit Authority, Metropolitan Transit Authority, Metropolitan Transit Bus Company, and Manhattan and Bronx Surface Transit Operating Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
On February 18, 2016, the plaintiff allegedly was injured while crossing a street in Brooklyn when she tripped and fell due to an uneven roadway condition. The plaintiff commenced this personal injury action against the New York City Transit Authority (hereinafter the NYCTA), the Metropolitan Transit Authority, the Metropolitan Transit Bus Company, and the Manhattan and Bronx Surface Transit Operating Authority (hereinafter collectively the transit defendants), as well as the City of New York. Thereafter, the transit defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In an order dated November 22, 2019, the Supreme Court, inter alia, denied the transit defendants' motion. The transit defendants appeal.
"Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601). "In the absence of ownership, occupancy, control, or special use, a party generally 'cannot be held liable for injuries caused by the dangerous or defective condition of the property'" (Bartlett v City of New York, 169 AD3d 629, 630, quoting Ruffino v New York City Tr. Auth., 55 AD3d 819, 820 [internal quotation marks omitted]).
Here, the transit defendants established, prima facie, that they did not owe a duty to the plaintiff by demonstrating that they did not own, occupy, control, or make special use of the public roadway where the accident occurred (see Bartlett v City of New York, 169 AD3d at 630; Ruffino v New York City Tr. Auth., 55 AD3d at 820; Garrett v City of New York, 50 AD3d 955, 955-956; Tanzer v City of New York, 41 AD3d 582). Since "[t]he responsibility for the maintenance, repair, and creation of the roadway surface [where the accident occurred] lies with the defendant City of New York, not the NYCTA" (Tanzer v City of New York, 41 AD3d at 582), "the plaintiff is not entitled to recover damages based on the [transit defendants'] failure to properly maintain or repair the roadway surface" (Garrett v City of New York, 50 AD3d at 956). In opposition to the transit defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the transit defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court